UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAQUETA DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-17 RLW |
| ) | |
| JORGE CORDERO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jaqueta Dorsey's Motion to Extend Time to Serve Defendant Jorge Cordero. (ECF No. 14). For the reasons that follow, the Court denies Plaintiff's Motion and dismisses without prejudice Defendant Jorge Cordero.

On November 28, 2023, Plaintiff filed a petition against Defendants Jorge Cordero and FedEx Ground Package System, Inc. ("FedEx Ground") in state court. On January 3, 2024, FedEx Ground removed the cause of action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. At the time of removal, there was no evidence in the record that Defendant Cordero had been served. On April 16, 2024, the Court issued an Order directing Plaintiff to promptly serve Defendant Cordero and file proof of such service by May 7, 2024. (ECF No. 10). The Order specifically provided that "[f]ailure to comply with Rule 4(m) and this Order will result in the dismissal without prejudice of the claims against Defendant Jorge Cordero." (Id.)

Plaintiff did not obtain service on Defendant Cordero, but rather she filed a motion for extension of time to serve the defendant. In her motion, Plaintiff states, "Counsel has provided the issued summons to Counsel's special process server but has not been able to obtain service on

Defendant Jorge Cordero." (ECF No. 14 at 1). No specifics as to why service has not been obtained are provided.

Pursuant to Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court may extend the time for service for an appropriate time period for good cause shown. Id. "In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.'" Kurka v. Iowa Cnty., Ia., 628 F.3d 953, 958 (8th Cir. 2010) (quoting Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997)).

It has been 132 days since this case was removed to this Court, and 168 days since Plaintiff filed her Petition. In moving for an extension of the service deadline, Plaintiff has neither articulated what efforts she has made to obtain service up to this point, nor explained what additional information she needs to locate and serve Defendant Cordero. In short, Plaintiff has failed to show that she has attempted service in good faith, and that there is a reasonable basis for her noncompliance with the service deadline. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Therefore, the Court finds Plaintiff has failed to show good cause to extend the service deadline of Fed. R. Civ. P. 4(m), and Plaintiff's motion is denied. Id. Having failed to obtain proper service on Defendant Cordero as Plaintiff was ordered to do, the Court dismisses Plaintiff's claims against this defendant without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jaqueta Dorsey's Motion to Extend Time to Serve Defendant Jorge Cordero is **DENIED.** [ECF No. 14]

**IT IS FURTHER ORDERED** that Plaintiff Jaqueta Dorsey's claims against Defendant Jorge Cordero are **DISMISSED** without prejudice.

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th   day of May, 2024.